## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ABBAS ELCHEIKHALI,                )        CASE NO.  4:10cv2333
                                  )
               PETITIONER,        )        JUDGE SARA LIOI
                                  )
vs.                               )
                                  )        MEMORANDUM OPINION AND
                                  )        ORDER
ERIC HOLDER, et al,               )
                                  )
                                  )
               RESPONDENTS.       )

On October 13, 2010, *pro se* Petitioner Abbas Elcheikhali filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Elcheikhali names as respondents U.S. Attorney General Eric Holder, Department of Homeland Security (DHS) Secretary Janet Napolitano and the Immigration & Customs Enforcement (ICE) Field Director for Detroit, Michigan, Rebecca Adducci. Petitioner seeks an Order from this Court staying his deportation until the court rules on a petition he filed in the District Court of New Jersey.

Petitioner also filed an Emergency Motion to Stay on November 8, 2010. The matter was referred to Magistrate Judge Baughman on November 9, 2010. The Magistrate issued an Order directing a response on or before November 19, 2010. Petitioner filed an "Emergency Notice to Rule on Emergency Motion" on November 16, 2010, stating ICE scheduled a flight to deport him on November 17, 2010. A Report and Recommendation (R&R) was issued on November 17, 2010 denying the emergency pleading for expedited ruling.  The Court's referral pursuant to 28 U.S.C. § 636(b)(3) is hereby terminated.

BACKGROUND

Petitioner states he is a native of Lebanon. He claims he fled to the United States on January 28, 1988 after his life was threatened by Hezbollah, a Shiite radical organization. He claims he was targeted as a member of a militia group that aided an Israeli invasion of Lebanon in 1982.

On January 8, 2007, Petitioner was indicted in the United States District Court of New Jersey. *See United States v. Elcheikhali*, No. 2:07cr00011 (D. N.J. 2007). The indictment charged Petitioner with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. After pleading guilty to the charges, Petitioner was sentenced to 30 months imprisonment on May 29, 2008.

Petitioner was named in a second federal indictment filed in the District Court of New Jersey on August 7, 2007. *See United States v. Elcheikhali*, No. 2:07cr00658 (D. N.J. 2007). He later entered a guilty plea to bank fraud, in violation of 18 U.S.C. § 1344, and fraud with identification documents, in violation of 18 U.S.C. §1028(a)(7). On May 29, 2008, the court sentenced him to serve a 30 month term of imprisonment on both counts. The sentence was ordered to run concurrently with his sentence in Case No. 2:07cr00011. (*Id.* at Dkt. # 9.)

Petitioner states he was taken into custody by the ICE Division of the Department of Homeland Security on July 31, 2009. He has remained in custody since that date.

Elcheikhali alleges he filed a pending " "corn [sic] nobis writ"[1] A search on

---

[1]The Court construes this as a writ of error *coram nobis*.

the Public Access to Court Electronic Records ("PACER") service reveals Petitioner filed a

writ in the United States District Court of New Jersey on April 21, 2010. *See Elcheikhali*, No.

2:07cr00658 (Dkt. #14.) He claims he filed the writ to challenge the district court's decision

to deny the Motion to Vacate he filed in 2009 pursuant to 28 U.S.C. § 2255. *See id.* (Mot.

Vac., No. 09-1033, Mar. 3, 2009.) Elcheikhali asserts the ineffective assistance of counsel

claim he raised in his § 2255 was not subject to dismissal in view of "*Pedilla v. Kentucky.*"[2]

He asserts the *Padilla* decision obligated his attorney to advise him, as an alien client, of the

possibility of deportation before entering his guilty plea. The matter is still pending before

the district court.

Elcheikhali states he was "ordered removed" on March 4, 2010.  He now seeks

a stay of his deportation pending the District Court of New Jersey's decision on his petition

in that court.

SUBJECT MATTER JURISDICTION

Section 106 of the REAL ID Act of 2005, Pub.L. No. 109-13, Div. B, 119

Stat. 231, 310-11 ("REAL ID Act") (codified at 8 U.S.C. § 1252), "clearly eliminates a

habeas petition as a means for judicial review of a removal order." *Muka v. Baker*, 559 F.3d

480; *see  Elia v. Gonzales*, 431 F.3d 268, 273 n. 5 (6th  Cir. 2005) (noting that "the REAL ID

Act amendments limit habeas relief" in immigration cases). Thus, a petitioner's "sole and

exclusive" method to obtain judicial review of a final order of removal is to petition the

appropriate circuit court of appeals for review. 8 U.S.C. § 1252(a)(5).

---

[2]This appears to be a reference to the Supreme Court's recent decision in *Padilla v. Kentucky*, 559 U.S.
----, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

The exclusivity of the Act applies solely to orders of removal. The Sixth Circuit has clarified that "[w]here a habeas case does not address the final order [of deportation], it is not covered by the plain language of the [REAL ID] Act." *Kellici v. Gonzales*, 472 F.3d 416, 419 (6th Cir. 2006). Citing the First Circuit's opinion in *Hernandez v. Gonzales*, 424 F.3d 42 (1st Cir. 2005), the Sixth Circuit agreed that "where a petitioner challenged only his continued detention in a habeas petition, rather than his removal, the case could not be transferred to the court of appeals pursuant to Section 106(c)." *Id.* at 419-20 (Citing *Hernandez*, 424 F.3d at 42-43)("[According to] the legislative history of the Act, those provisions were not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.' ") (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005)).

In this proceeding, Elcheikhali is seeking injunctive relief while he challenges the conviction that serves as a basis for his removal order, but not the removal order itself. The proceeding therefore is independent of any challenge to the removal order, and the Court retains limited jurisdiction to consider his petition. *See Ogunwomoju v. United States*, 512 F.3d 69, 70 (2d Cir.2008) (construing challenge to state conviction resulting in order of removal as a "habeas petition rather than as a petition for review of an order of removal").

Petitioner also seeks a stay of removal so that any relief granted by the Court will not be purposeless. As noted above, the REAL ID Act emphatically declared that district courts were precluded from impeding orders of removal. *See* 8 U.S.C. § 1252(a)(2)(C). Under the All Writs Act, 28 U.S.C. § 1651, courts are granted the general power to "issue all writs necessary or appropriate in aid of their respective jurisdiction." Because the ICE is

4

authorized to remove Petitioner at any time, a "stay" is just such a writ and would otherwise be appropriate in this case. The REAL ID Act, however, stripped this Court of its jurisdiction to issue such a stay, as well as Elcheikhali's right to receive one from this Court. 8 U.S.C. § 1252(a)(2)(C). All court orders regarding alien removal, including stays or permanent injunctions, are issued by the appropriate court of appeals. 8 U.S.C. §§ 1252(a)(2)(D), 1252(a)(5). The Court takes judicial notice that Petitioner filed a request to stay his order of removal in the Sixth Circuit Court of Appeals. *See Elcheikhali v. Holder*, No. 10-3780 (6th Cir. 2010).[3] The Sixth Circuit denied the Motion on September 28, 2010. *Id.*

### 28 U.S.C. § 2241

Petitioner indicates he is challenging the constitutionality of his detention in a pending petition for writ of error *coram nobis* motion before the District Court of New Jersey. Any petition challenging the constitutionality of a federal conviction cannot be brought under § 2241 because a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255, is the proper vehicle. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Section 2255 motions must be filed in the court which sentenced the movant. Petitioner states he has already filed an unsuccessful motion to vacate his sentence in the District Court of New Jersey. Elcheikhali maintains he filed a petition for writ of *coram nobis* in the district court for that reason.

The extent to which this Court has any § 2241 jurisdictional reach over

---

[3] A review of the docket reveals Petitioner sought review of the Board of Immigration Appeals' (BIA) decision denying his Motion to Reconsider Asylum and other relief, as well as to reopen his immigration proceedings based on newly discovered evidence. The Sixth Circuit determined Petitioner waived the Immigration Judge's denial of asylum because he never appealed that decision. The court granted a temporary stay of removal on August 5, 2010, pending receipt and review of the administrative record. The temporary stay was dissolved when the Court of Appeals denied Petitioner's Motion for Stay of Removal.

Elcheikhali's petition is not extensive.  In "some very limited circumstances," a petitioner may bring a § 2241 petition if § 2255 is "inadequate or ineffective" to test the petitioner's detention. *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997); *see* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally  barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th  Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.  *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

This "savings clause" preserves "habeas corpus for federal prisoners in those extraordinary instances where justice demands it," *Triestman v. United States*, 124 F.3d 361, 378 (2d Cir.1997), but those instances are limited to situations in which the petitioner is asserting a claim of actual innocence. To establish actual innocence, a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *see Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004) ("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"). Actual innocence in this regard means factual innocence, rather than mere legal insufficiency. *Id.*

Petitioner cannot meet this standard because he does not argue he did not commit the fraudulent acts to which he admitted guilt. Therefore, he has failed to reasonably assert he is actually innocent of violating 18 U.S.C. §§ 1344 and 1028(a)(7). This precludes § 2241 habeas relief pursuant to § 2255's safety valve provision. Petitioner's remedy pursuant to § 2255 is neither inadequate nor ineffective to test the legality of his conviction. Elcheikhali's petition does not establish his entitlement to relief under the limited circumstances in which justice requires the Court to entertain a § 2241 petition by a person challenging a federal conviction.

CONCLUSION

For the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 22, 2010

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**